UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

WALTER LEE JONES,

                  Plaintiff,                  Case No. 1:07-cv-392

v.                                        Honorable Paul L. Maloney
                                          United States District Judge

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

                  Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Ionia Maximum Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated at the Bellamy Creek Correctional Facility and Riverside Correctional Facility. On June 18, 2007, this Court ordered service of Plaintiff's complaint on Defendants Michigan Department of Corrections (MDOC) and MDOC Director Patricia Caruso.

On August 27, 2007, Defendants[1] MDOC and Caruso filed a motion for summary judgment (docket #12) and supporting brief (docket #13) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response on September 28, 2007 (docket #18). On September 28, 2007, Plaintiff also filed a motion and supporting brief to amend

---

[1]*The amendments do not affect the court's conclusion that Defendants have not met their burden of showing that Jones failed to exhaust an available administrative remedy.*

his complaint (dockets #20, 21). This Court granted Plaintiff's motion for leave to amend his complaint on November 8, 2007 (docket #22).

Upon review, the Court will deny Defendants MDOC and Caruso's motion for summary judgment.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir.

2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

In his *pro se* amended complaint, Plaintiff sues the MDOC and MDOC Director Caruso for retaliation and impeding his right to access the courts in violation of the First Amendment.  On July 19, 2005, Plaintiff filed a civil rights action against Defendant Caruso in the Eastern District of Michigan, alleging a violation of his First Amendment right to access materials related to the Uniform Commercial Code (UCC).  *See Jones v. Mich. Dep't of Corr.,* No. 05-CV-72817-DT, 2006 WL 2805643, at *3-4 (E.D. Mich. Sept. 28, 2006), reh'g denied, 2007 WL 2875173

(E.D. Mich. Sept 28, 2007). In that case, Plaintiff successfully obtained a preliminary injunction against the MDOC from enforcing MICH. DEP'T. OF CORR., Policy Directive 05.03.118, ¶ HH(23) (effective Jan. 1, 2006) regarding the right of a prisoner to receive UCC-related documents in the mail. *Id.* at *4.

In 2006, Plaintiff assisted several prisoners as a "jailhouse lawyer" with their constitutional and UCC claims while incarcerated at Bellamy Creek Correctional Facility (IBC). Plaintiff entered into several legal assistance contracts with those prisoners. On or about October 16, 2006, the MDOC transferred Plaintiff from IBC to the Riverside Correctional Facility (RCF). On October 30, 2006, Plaintiff filed Grievance No. IBC-06-11-3472-27B against the "administration at the Bellamy Creek Correctional Facility" for transferring him to RCF in retaliation for assisting prisoners with litigation against IBC and Director Caruso. (Ex. 2 to Pl.'s Br. in Resp., docket #18; Am. Compl. at 3, docket #23.) On December 7, 2006, Plaintiff submitted Step III of Grievance No. IBC-06-11-3472-27B to Defendant Caruso in accordance with the three-step grievance process.

Plaintiff alleges that Defendant Caruso implemented Director's Office Memorandum (DOM) 2006-14[2] on December 14, 2006, in retaliation for Plaintiff's 2005 lawsuit, grievances and his assistance to other prisoners with their lawsuits. (Am. Compl. at 4, docket #23.) DOM 2006-14 prohibits prisoners from entering into new legal assistance agreements because prisoners' abuse of such agreements "poses a threat to the custody and security of [correctional] institutions. . . ." (Ex. A to Am. Compl.) Under DOM 2006-14, prisoners with approved legal assistance agreements as of December 14, 2006 are allowed to provide and receive assistance thereunder until their expiration; eligible inmates continue to be entitled to the Legal Writer Program; and all inmates

_____

[2]DOM 2006-14 subsequently was amended on January 1, 2007 by DOM 2007-5. (Am. Compl. at 4, docket #23.)

retain their existing privileges to the law library.  (*Id.*)  The adoption of DOM 2006-14 altered MICH. DEP'T OF CORR., Policy Directive 05.03.116 (effective Feb. 19, 1991), which set forth strict procedures under which prisoners were entitled to enter into legal assistance agreements with other prisoners.

Plaintiff filed three grievances.  As stated above, Plaintiff filed Grievance No. IBC-06-11-3472-27B on October 30, 2006 against the "administration at the Bellamy Creek Correctional Facility" for retaliation through the three-step grievance process.  (Ex. 4 to Pl.'s Br. in Resp., docket #18.)  On December 26, 2006, Plaintiff filed Grievance No. 199563-28c directly to Step III, asserting corruption and retaliation by Defendant Caruso.   (Ex. 1 to Pl.'s Br. in Resp.)  In 2007, Plaintiff filed Grievance No. RCF-07-02-0128-28C against Defendant Caruso for retaliation through the three-step grievance process.  (Ex. 2 to Pl.'s Br. in Resp.)

Plaintiff seeks injunctive relief as well as monetary damages.

## Discussion

I.       **Applicable Law**

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order

-5-

to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2386 (2006) (Alito, J.) (footnote omitted).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 127 S. Ct. at 922-23.

## II.    **MDOC Grievance Policy**

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[3], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.   The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due.  *Id.* at ¶¶ R,

---

[3]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.  Time limitations shall be adhered to by the inmate and  staff at all steps of the grievance process.   *Id.* at ¶ U.   "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III.  *Id.* at ¶S.  In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I.  *Id.*

### III.     **Grievances**

Defendants do not dispute that Plaintiff filed grievances on the issue.  They argue that Plaintiff is challenging the content of the policy concerning UCC materials, and thus, the three-step grievance process is not an available administrative remedy for a challenge to the content of policy.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E.  They argue that Plaintiff had an available administrative remedy that he failed to exhaust.  Specifically, they contend that Plaintiff was required to direct his concerns to the Warden's Forum before filing his federal action.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (identifying the Warden's Forum, *see* MICH.

DEP'T OF CORR., Policy Directive 04.01.150, as the mechanism for prisoners to challenge the content of a policy).  MDOC policy provides that if a prisoner is personally affected by the content of a policy and the prisoner has a concern with the policy, the prisoner may direct comments to the Warden's Forum through his unit representative, MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E.  They argue that, because the minutes of the Warden's Forum do not indicate that the issue was raised, Plaintiff has failed to exhaust his available administrative remedies.  (Br. in Supp. of Mot. for Summ. J. at 2, docket #12.)

Plaintiff challenges the alleged retaliation by Defendant Caruso for implementing the policy, not the content of the policy.   Therefore, the issue is grievable.  Even if Plaintiff was challenging the content of the policy, he does not have an available administrative remedy.  Under MICH. DEP'T OF CORR., Policy Directive 04.01.150 (effective Jan. 1, 2001), Plaintiff has no personal, direct right to bring an issue to the Warden's Forum.  Housing unit representatives to the Warden's Forum are elected for six-month terms.  MICH. DEP'T OF CORR., Policy Directive 04.01.150, ¶ F. Each unit elects one housing unit representative of a minority race and one housing unit representative of a non-minority race.  MICH. DEP'T OF CORR., Policy Directive 04.01.150, ¶ E. Only unit representatives have the ability to raise an issue in the Warden's Forum.  MICH. DEP'T OF CORR., Policy Directive 04.01.150, ¶ J (authorizing housing unit representatives to submit any agenda items at least three business days before the monthly Warden's Forum meeting).  While housing unit representatives are "encouraged to solicit input from those they represent and to give consideration to the views expressed," nothing in the policy requires a unit representative to bring a particular prisoner's concern to the Warden's Forum.  MICH. DEP'T OF CORR., Policy Directive

04.01.150, ¶ K.  Indeed, the policy prohibits unit representatives from "us[ing] their position to present individual complaints to the administration."  *Id.*

Plaintiff has not stated whether he was a housing unit representative for his unit. Because an individual prisoner has no right to demand that an issue be considered at the Warden's Forum, the simple fact that the issue was not raised in that forum is not dispositive of whether a prisoner failed to exhaust an *available* remedy.  If the housing unit representatives are unwilling to raise the issue in the Warden's Forum, the remedy must be considered to be unavailable.  As a result, Defendants have not met their burden of pleading and proving that Plaintiff failed to exhaust an available administrative remedy.

## Conclusion

For the foregoing reasons, Defendants MDOC and Caruso's motion for summary judgment (docket #12) will be denied.

An Order consistent with this Opinion will be entered.


Dated:  March 18, 2008                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge