UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES,
        Plaintiff,

-v-

PATRICIA L. CARUSO,
        Defendant.

No. 1:07-cv-392

HONORABLE PAUL L. MALONEY

ORDER DENYING PLAINTIFF'S OBJECTION

Plaintiff Walter Jones, a prisoner under the control of the Michigan Department of Corrections (MDOC) filed an objection (Dkt. No. 65) to an order issued by the magistrate judge. Plaintiff, proceeding *pro se*, filed a complaint alleging Defendant Caruso violated his rights under the First Amendment by retaliating against him through enactment of a policy prohibiting prisoners from entering into legal assistance programs with each other. Defendant filed a motion for summary judgment. Plaintiff filed, among other things, a motion for appointment of counsel. (Dkt No. 59.) The magistrate judge denied (Dkt. No. 64) Plaintiff's motion for appointment of counsel. Plaintiff objects to the order denying his motion for appointment of counsel.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364,

395 (1948) (explaining the "clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

Plaintiff objects to the order denying his motion to appoint counsel asserting the magistrate judge failed to consider the exceptional circumstances present due to his incarceration. The exceptional circumstances arise from various MDOC policies prohibiting prisoners from gathering information about MDOC employees and other prisoners. Plaintiff argues *Johnson v. Howard*, 20 F.Supp.2d 1128 (W.D. Mich. 1998) (Enslen, J.) requires this Court to appoint counsel.

Plaintiff has not established the magistrate judge's order is contrary to law. *Johnson* functions as persuasive authority, not mandatory authority. *See Masel v. Mansavage*, 526 F.Supp.2d

902, 906 (W.D. Wis. 2007). In addition, Plaintiff's situation is readily distinguishable from Mr. Johnson's situation. Mr. Johnson *survived* a motion for summary judgment. *Johnson*, 20 F.Supp.2d at 1129. As explained in *Lavado v. Keohane*, appointment of counsel in these cases is not appropriate when the plaintiff's claims are frivolous or the chances of success are slim. F.2d 601, 606 (6th Cir. 1993) (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)). Because Mr. Johnson had survived the defendant's dispositive motion, the court concluded he had set forth a colorable claim. *Johnson*, 20 F.Supp.2d at 1129. Plaintiff's assertion that the prison policies block access to critical information is unpersuasive. Plaintiff provides no explanation of how the blocked information would assist his claim.

For these reasons, Plaintiff Jones' objection (Dkt. No. 65) is **DENIED. IT IS SO ORDERED.**

Date:  August 12, 2009    /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge