UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER LEE JONES,

                Plaintiff,                            Hon. Paul L. Maloney

v.                                                Case No. 1:07 CV 392

MICHIGAN DEPARTMENT OF
CORRECTIONS,

                Defendant.

_____/


## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendant Caruso's Motion for Summary Judgment, (dkt. #51), and Plaintiff's Motion to Strike, (dkt. #69). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Plaintiff's motion to strike be **granted in part and denied in part** and, furthermore, that Defendant's motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

      In his second amended complaint, (dkt. #44), Plaintiff asserts the following. On July 19, 2005, Plaintiff initiated legal action against Defendant Caruso, seeking an injunction against her implementation of a policy which limited prisoners' access to Uniform Commercial Code (UCC) material. On September 28, 2006, a preliminary injunction was entered preventing Defendant Caruso from enforcing the policy in question. On December 14, 2006, Defendant Caruso implemented

Director's Office Memorandum (DOM) 2006-14, which prohibits prisoners from entering into Legal Assistance Agreements with other prisoners.

According to Plaintiff, Defendant Caruso enacted DOM 2006-14 "as a means of retaliating against Plaintiff for pursuing previous civil litigation against her regarding the UCC." Moreover, Caruso allegedly enacted DOM 2006-14 as a means of preventing Plaintiff from assisting other inmates pursue various legal claims. Plaintiff further asserts that he has been "excluded from" the MDOC Legal Writer program in retaliation for "filing of a prior lawsuit against [Defendant Caruso] and for plaintiff's active role in assisting other prisoners in litigating suits against Defendant Caruso."

In March 2006 Plaintiff was transferred from Level II security to Level IV security. This transfer was accomplished "under the guise" that Plaintiff had been convicted of a major misconduct violation. This justification, however, was false because "at no time" was Plaintiff convicted of the alleged major misconduct violation. Plaintiff was instead transferred "to limit Plaintiff's law library research and access to other prisoners." This action was undertaken in retaliation for "Plaintiff's litigation efforts against defendants regarding their regulation ban on UCC-legal material and because of Plaintiff's efforts of assisting other prisoners with their UCC claims against defendants."

Plaintiff initiated this action on April 19, 2007, against the Michigan Department of Corrections (MDOC) and Patricia Caruso. The MDOC was subsequently dismissed. Plaintiff asserts that Defendant Caruso has violated his First Amendment right to be free from unlawful retaliation. Plaintiff further alleges that Caruso's actions violate other prisoners' right of access to the courts. Defendant Caruso now moves for summary judgment. In response to Defendant's motion, Plaintiff asserts that he needs additional time to conduct discovery. As discussed below, the Court is

unpersuaded by Plaintiff's request and, furthermore, finds that Defendant Caruso is entitled to summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v.*

*Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

I.        **Plaintiff's Motion to Strike**

In support of her motion for summary judgment, Defendant Caruso has executed an affidavit. (Dkt. #52, Exhibit 5). Defendant also relies on an affidavit executed by Melody Wallace. (Dkt. #31, Exhibit 3). Federal Rule of Civil Procedure 56(e) provides that affidavits used to oppose or support a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Plaintiff now moves to strike certain portions of these affidavits.

Specifically, Plaintiff moves to strike paragraph four of Wallace's affidavit, as well as the attachments thereto. Plaintiff also moves to strike paragraphs seven and eight of Caruso's affidavit.

In paragraph four of her affidavit, Wallace asserts that December 12, 2006, she authored a memorandum titled "Proposed Discontinuation of Legal Assistance Agreements." The Court discerns no basis to strike this paragraph. With respect to the memorandum itself, which Wallace has included with her affidavit, the Court reaches a different conclusion. It is not clear whether the conclusions and assertions contained in the memorandum are based upon Wallace's first-hand knowledge or instead based upon hearsay. The undersigned, therefore, recommends that the memorandum included with Wallace's affidavit be stricken.

In paragraph seven of her affidavit, Defendant Caruso asserts that "MDOC prisoners are assured access to the courts as set forth in PD 05.03.116 "Prisoners' Access to the Courts." In paragraph eight of her affidavit, Caruso asserts that "[a]s set forth in Ms. Melody Wallace's December 12, 2006 Memorandum to Richard Stapleton, the Legal Writer Program and the mandatory law library collection assures prisoners' access to the courts." To the extent that these two paragraphs assert a legal conclusion (i.e., that Plaintiff did not suffer an infringement of his right of access to the courts), the undersigned recommends that such be stricken.

In resolving Defendant Caruso's motion for summary judgment, the Court has not considered any of the material which it recommends be stricken.


II.        **Denial of Access to the Courts**

Plaintiff asserts that Defendant Caruso has violated other prisoners' First Amendment right of access to the courts.

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). To state a claim for denial of access to the courts, a prisoner must allege that he suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Casey*, 518 U.S. at 349-51).

These particular claims fail for two reasons. First, Plaintiff lacks standing to assert the claim that another individual has suffered a violation of his right to access the courts. *See Shehee v. Grimes*, 39 Fed. Appx. 127, 129-30 (6th Cir., May 3, 2002) (court rejected plaintiff's claim "that the defendants interfered with the access to the courts of other inmates he was assisting" because "a plaintiff can only assert his own legal rights and interests, and he cannot rest a claim for relief on the legal rights and interests of third parties"). Second, even if Plaintiff could properly assert such claims, he has failed to submit evidence (or even allege) that the prisoners in question have suffered any actual litigation related injury or any form of legal prejudice. Accordingly, the Court recommends that Defendant is entitled to summary judgment as to Plaintiff's denial of access to the courts claims.

## III.        Retaliation Claims

Plaintiff has asserted several claims of retaliation, each of which is addressed below. The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action

was motivated at least in part by Plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

A.      Plaintiff's Assistance to Other Inmates

Plaintiff asserts that Defendant Caruso implemented DOM 2006-14 in retaliation for Plaintiff having assisted other prisoners with various legal claims.

1.      Protected Conduct

Subject to legitimate penological restrictions, inmates generally possess the right to obtain legal assistance from other inmates (i.e., jailhouse lawyers). *See McElhaney v. Elo*, 2000 WL 1477498 at *3 (6th Cir., Sep. 25, 2000) (citing *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993)). However, to the extent that a jailhouse lawyer can be said to possess the "right" to assist another prisoner with his legal matters, such "is wholly derivative of the inmate/client's right of access to the courts." *McElhaney*, 2000 WL 1477498 at *3 (citing *Gibbs*, 10 F.3d at 378). Thus, any legal claim which may arise from the alleged interference in the relationship between a jailhouse lawyer and his "client" belongs to the client, not the jailhouse lawyer. *See McElhaney*, 2000 WL 1477498 at *3.

In short, inmates generally possess no constitutional right to provide legal assistance to other prisoners. *See Shaw v. Murphy*, 532 U.S. 223, 225-32 (2001) ("beyond the protection normally accorded prisoners' speech," prisoners possess no right to provide legal assistance to other inmates); *Smith v. Campbell*, 250 F.3d 1032, 1037 n.1 (6th Cir. 2001) ("prisoners do not possess a special First Amendment right to provide legal assistance to fellow inmates"). There exists an exception to this general rule applicable in circumstances in which "the inmate[s] receiving the assistance would

otherwise be unable to pursue legal redress." *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir.,

Sep. 27, 2002) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).

As Defendant correctly observes, Plaintiff has failed to submit any evidence establishing

that the inmates who Plaintiff had previously assisted would be unable to pursue their legal claims in

the absence of his assistance. In response to Defendant's argument, Plaintiff, relying on Federal Rule

of Civil Procedure 56(f), moves the Court to defer ruling on Defendant's motion for summary judgment

so that he may conduct necessary discovery. (Dkt. #61).

Rule 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for

specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the

motion; (2) order a continuance to enable [discovery to be conducted]; or (3) issue any other just order."

To obtain relief under this provision, the party opposing the motion for summary judgment cannot rely

on "bare allegations or vague assertions of the need for discovery." *Everson v. Leis*, 556 F.3d 484, 493

(6th Cir. 2009). The party must instead "describe with some precision the materials he hopes to obtain

with further discovery, and exactly how he expects those materials would help him in opposing

summary judgment." *Id.* Furthermore, Rule 56(f) cannot be invoked by a party who has already had

ample opportunity to conduct discovery. *See Mallory v. Noble Correctional Institute*, 45 Fed. Appx.

463, 469 (6th Cir., Sept. 3, 2002) (citations omitted).

The Court finds Plaintiff's request for Rule 56(f) relief deficient in two respects. First,

Plaintiff's affidavit in support thereof fails to describe with any particularity the evidence Plaintiff hopes

to obtain in discovery or how such would advance his cause. Rather, Plaintiff merely asserts that he

needs to obtain unspecified discovery from several prisoners. Furthermore, the Court finds that further

delay is inappropriate considering that Plaintiff has not diligently pursued discovery in this matter.

Plaintiff initiated this action more than twenty-eight (28) months ago. In the Court's estimation, this has afforded Plaintiff more than enough time to obtain from the prisoners he has allegedly assisted affidavits or other evidence on the subject of their ability to pursue their legal claims without Plaintiff's assistance. The Court, therefore, finds that Plaintiff was not engaged in protected conduct.

2.　　　　Adverse Action Which Would Deter a Person of Ordinary Firmness

Plaintiff asserts that Defendant Caruso implemented DOM 2006-14 in retaliation for Plaintiff assisting other prisoners with their legal matters. The question, therefore, is whether such constitutes adverse action sufficient to maintain a First Amendment retaliation claim.

The Sixth Circuit has indicated that "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603 (quoting *Thaddeus-X*, 175 F.3d at 398). Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Bell*, 308 F.3d at 603 (quoting *Thaddeus-X*, 175 F.3d at 398).

The Court is troubled by the notion that implementation of a Director's Office Memorandum, Policy Directive, or similar enactment applicable to the entire prison population could support a retaliation claim, as such could serve to trivialize the First Amendment by making every administrative decision grounds for a claim of retaliation. The Court recognizes, however, that at least one court has allegedly enjoined the Michigan Department of Corrections from enforcing DOM 2006-14

(or at least portions thereof). The aforementioned concerns notwithstanding, the Court finds that there exists a legitimate factual dispute as to whether the implementation of DOM 2006-14, the enforcement of which was later enjoined by a court, would deter a person of ordinary firmness from engaging in protected conduct.

### 3. Causal Connection

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

Aside from stating in conclusory fashion that he was retaliated against, Plaintiff has asserted no facts from which it is reasonable to conclude that his protected conduct was a motivating factor in Defendant Caruso's alleged conduct. With respect to the causation element Plaintiff offers nothing more than "bare allegations of malice," which are insufficient to maintain a retaliation claim. *See, e.g., McMillan v. Fielding*, 136 Fed. Appx. 818, 820-21 (6th Cir., June 7, 2005) (holding that dismissal for failure to state a claim is appropriate where the plaintiff's allegations regarding causation "were purely conclusory") (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). The Court recommends, therefore, that Defendant Caruso is entitled to summary judgment as to Plaintiff's retaliation claims concerning the assistance he allegedly provided to other prisoners.

### B.      Plaintiff's Prior Litigation Activities

Plaintiff asserts that Defendant Caruso implemented DOM 2006-14 in retaliation for him having previously pursued litigation challenging MDOC policies regarding prisoners' ability to possess UCC materials.  Even assuming Plaintiff could satisfy the first two prongs of the analysis, Plaintiff has failed to present any evidence from which a reasonable person could conclude that there exists any causal connection between Plaintiff's litigation activity and Defendant Caruso's decision to implement DOM 2006-14.  The Court, therefore, recommends that Defendant Caruso is entitled to summary judgment as to this claim.

### C.      Retaliatory Transfer Claim

Plaintiff asserts that in March 2006, he was transferred, and his security level increased, in retaliation for having previously pursued legal action challenging MDOC policies restricting the ability of prisoners to possess UCC materials.  Again, even assuming Plaintiff can satisfy the first two prongs of the analysis, he cannot establish the requisite causal connection.  Defendant Caruso has submitted an affidavit in which she asserts that she was not involved in this incident.  Plaintiff has submitted no evidence suggesting otherwise.  Accordingly, the Court recommends that Defendant Caruso is entitled to summary judgment as to this claim.

### D.      Exclusion from the Legal Writer Program

Plaintiff also alleges that he was excluded from participating in the MDOC Legal Writer program in retaliation for "filing of a prior lawsuit against [Defendant Caruso] and for plaintiff's active role in assisting other prisoners in litigating suits against Defendant Caruso."  Even if Plaintiff could

satisfy the first two prongs of the analysis, he has failed to present any evidence from which a reasonable person could conclude that there exists any causal connection between Plaintiff's litigation activities and Plaintiff's alleged exclusion from the Legal Writer program. The Court, therefore, recommends that Defendant Caruso is entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Strike</u>, (dkt. #69), be **granted in part and denied in part**. The undersigned further recommends that <u>Defendant Caruso's Motion for Summary Judgment</u>, (dkt. #51), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: September 22, 2009                     /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge