UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER LEE JONES-BEY #235079, | Case No. 1:07-cv-392 |
| Plaintiff, | |
| v. | HONORABLE PAUL L. MALONEY |
| | Magistrate Judge Ellen S. Carmody |
| PATRICIA CARUSO, | |
| Director of the Michigan Department of Corrections, | |
| in her personal capacity and in her official capacity, | |
| Defendant. | |

# **OPINION and ORDER**

**Striking the Plaintiff's "Objections" as Improper;
Adopting the Report and Recommendation without Objection;
Granting in Part and Denying in Part the Plaintiff's Motion to Strike;
Denying the Plaintiff's FED. R. CIV. P. 56(f) Request to Defer Ruling on Summary Judgment;
Granting the Defendant's Motion for Summary Judgment**

In July 2005, plaintiff Walter Lee Jones ("Jones") initiated legal action against defendant Patricia Caruso ("Caruso") both in her personal capacity and in her capacity as director of the Michigan Department of Corrections ("MDOC"). In March 2006, MDOC transferred Jones from Level II security to Level IV security, citing his conviction of a major-misconduct violation. In September 2006, a judge of this court entered a preliminary injunction enjoining Caruso from enforcing a policy which limited prisoners' access to Uniform Commercial Code ("UCC") materials. In December 2006, Caruso implemented Director's Office Memorandum ("DOM") 2006-14,

prohibiting prisoners from entering into Legal Assistance Agreements with other prisoners.

In April 2007, Jones filed this complaint, asserting claims for First Amendment retaliation and violation of his and other prisoners' right of access to the courts. In response to Caruso's motion for summary judgment, Jones failed to file an opposition brief addressing the merits of her arguments. Nor did Jones seek an extension of time in which to file an opposition brief. Instead, Jones merely requested that the court defer ruling on summary judgment, pursuant to Rule 56(f), to afford him more time for discovery, and he moved to strike certain limited portions of two affidavits which Caruso filed with her motion. Jones made no arguments, cited no authority, and proffered no reasoning in support of any of his claims or against any of Caruso's grounds for summary judgment.

The Honorable Ellen S. Carmody, United States Magistrate Judge, issued an R&R on September 22, 2009, recommending that Jones's motion to strike be largely granted, but that Caruso's motion for summary judgment then be granted (without considering the material recommended to be stricken).

**Jones filed a document purporting to serve as objections to the R&R on October 7, 2009, but the document is not properly before the court. Our Circuit holds that "[t]he Magistrate Judge Act , 28 U.S.C. § 631** *et seq.* **. . . does not allow parties to raise at the district court stage new arguments or issues."** *Murr v. US*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing, *inter alia*, *US v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) ("issues raised for the first time in objections to [a] . . . report and recommendation are deemed waived")). The Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. US*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd o.g.*

*sub nom. US v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (*en banc*).

Moreover, "'[i]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments.'" *Kita v. SSA*, 2009 WL 1464252, *2 (W.D. Mich. May 18, 2009) (Maloney, C.J.) (quoting *Burden v. Astrue*, 588 F. Supp.2d 269, 279 (D. Conn. 2008) ("Regarding Burden's new argument that her headaches are debilitating because they would lead to an unacceptable number of absences for any employment for which she is qualified, this argument is waived because Burden never raised it prior to her Objection to the Recommended Ruling.")). *See also King v. Zamiara*, 2009 WL 1067317, *1 (W.D. Mich. Apr. 21, 2009) (**Robert Holmes Bell, J.**) ("Because Defendants failed to raise this argument before the Magistrate Judge, they will be deemed to have waived it."); *Mitchell v. Washtenaw Cty.*, 2009 WL 909581, *4 (E.D. Mich. Mar. 31, 2009) (**David Lawson, J.**) ("Because the Defendants did not raise the collateral estoppel argument in their motion before the magistrate judge, they have waived it."); *Sheets v. Astrue*, 2008 WL 3895515, *1 (S.D. Ohio Aug. 22, 2008) (**Algenon Marbley, J.**) ("Sheets also argues that the [ALJ] failed to say what listings were applicable or why Sheets did not meet any listing either individually or in combination. [But] this argument was not raised . . . before the Magistrate Judge and therefore is waived."); *Hennessy v. CIR*, 2007 WL 4357755, *2 (E.D. Mich. Dec. 5, 2007) (**George Steeh, J.**) ("Petitioners object to the [R&R,] stating that the IRS failed to comply with the notice requirements of 26 C.F.R. § 1.6001-1(d) and that . . . . These objections have been waived as these issues were not raised before the Magistrate Judge.").

In accordance with our Circuit's precedent, and with the seemingly uniform practice of

federal courts nationwide,[1] the court declines to consider Jones's improper "objections" document,

---

[1]

*Accord* **1st Circuit**, *Brown v. Apfel*, 71 F. Supp.2d 28, 35 and n.1 (D.R.I. 1999) ("This amendment [regarding alcohol or drug abuse as a factor contributing to disability] became effective . . . thus prompting the ALJ to vacate his original decision . . . which found plaintiff to be 'disabled,' so that this further determination . . . could be made in light of the amendment. [T]o the extent Plaintiff had any due process argument regarding the application of the amendment to his case, he has waived it.") (citing *Santiago v. Canon USA, Inc.*, 138 F.3d 1, 4 (1st Cir. 1998)), *aff'd*, No. 99-2355, 2000 WL 1451019, 230 F.3d 1347 (1st Cir. Sept. 28, 2000);

**2nd Circuit**, *Hubbard v. Kelley*, – F. Supp.2d –, 2009 WL 3078578, *1 (W.D.N.Y. Sept. 24, 2009) ("'In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'") (quoting *Illis v. Artus*, 2009 WL 2730870, *1 (E.D.N.Y. Aug. 28, 2009) and citing *Pierce v. Mance*, 2009 WL 1754904, *1 (S.D.N.Y. June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation. Moreover, since new claims may not be raised properly at this late juncture, the petitioner's new claims, presented in the form of, or along with, 'objections', should be dismissed."));

**3d Circuit**, *Paul v. Astrue*, 2008 WL 2053808, *3 (M.D. Pa. May 13, 2008) ("As for plaintiff's argument that substantial evidence does not support a finding that plaintiff does not meet listings 11.07 and 107.01 in the Childhood Listings of Impairments . . . [he] did not raise this argument in his initial brief to the magistrate judge. * * * Thus, there exists a basis for concluding that plaintiff has waived this argument.");

**5th Circuit**, *Martin v. Barnhart*, 2004 WL 1661207, *5 (E.D. La. July 23, 2004) ("Before the Magistrate Judge, Martin merely argued [for] remand . . . based on 'new and material' evidence. Because Martin failed to raise these *legal* arguments before the magistrate judge, she has waived them absent compelling reasons for failing to do so . . . .") (citing, *inter alia*, *Freeman v. Bexar Cty.*, 142 F.3d 848, 851-52 (5th Cir. 1998));

**7th Circuit**, *Zendejas v. Reel Cleaning Servs., Inc.*, 2009 WL 2431299, *8 (N.D. Ill Aug. 6, 2009) ("Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived.") (citing, *inter alia*, *US v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000));

**8th Circuit**, *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (citing *Reciprocal Exchange v. Noland*, 542 F.3d 462, 464 (8th Cir. 1976));

**9th Circuit**, *US v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) ("To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the

which is nothing more than an egregiously untimely brief in opposition to the summary-judgment motion.[2]

Absent timely, specific objections which are properly before the court, there is neither obligation nor need to review the Magistrate's well-reasoned R&R. As the Supreme Court has said,

---

district court.");

**10th Circuit,** *Rothwell v. Barnhart*, 2006 WL 1789157, *1 (D. Kan. June 27, 2006) ("Plaintiff argues that the ALJ listed several reasons to support his credibility finding, but except for . . . activities of daily living, the ALJ did not provide specific support for each reason. Because plaintiff did not raise this issue before the magistrate judge, he may not seek review of the . . . [R&R] on this ground.") (citing, *i.a.*, *US v. Garfinkle*, 261 F.3d 1030, 1031 (**10th Cir.** 2001));

**11th Circuit**, *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir.) (as a matter of first impression, panel affirmed district court's refusal to entertain arguments which were raised for the first time in objections to an R&R rather than in briefs before the Magistrate Judge), *cert. denied*, – U.S. –, 129 S.Ct. 2747 (2009);

*Cf.* **D.C. Circuit,** *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 835 with n.10 (D.C. Cir. 2001) (noting, with apparent approval, district court's refusal to entertain an argument in an objection to an R&R which was not raised before the Magistrate Judge).

[2]
*See, e.g., Wappler v. Huss*, 2009 WL 3055202, *1-2 (W.D. Mich. Sept. 18, 2009) (**Neff., J.**);

*Benner v. Corr. Med. Servs., Inc.*, 2009 WL 2515823, *1 (W.D. Mich. Aug. 14, 2009) (**Quist, J.**) ("Regarding exhaustion, Defendants first assert that the grievance was untimely at Step II. Defendants never raised this argument before the Magistrate Judge. Because Defendants raised it for the first time in their Objection, it is deemed waived.") (citing *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) and *Hicks v. Woodruff*, No. 99-6303, 216 F.3d 1087, 2000 WL 854269 (10th Cir. June 28, 2000) ("because we do not consider an issue raised for the first time in the objections to the magistrate judge's report and recommendation, we deem the issue waived"));

*Kita v. SSA*, 2009 WL 1464252, *2 (W.D. Mich. May 18, 2009) (**Maloney, C.J.**) ("[A]t least some of the evidence Kita now raises regarding the severity of his physical impairments and limitations was not the subject of legal argument or discussion in Kita's brief before the Magistrate Judge and so cannot be considered by this court on review of the R&R.").

It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas*, 474 U.S. at 150). *Accord Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (David Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Gregory Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .") (citation & quote marks omitted).[3]

---

[3]

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely, specifically, properly objected. *See, e.g.,*

| | |
|---|---|
| *Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009) | (Bell, J.) |
| *Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009) | (Quist, J.) |
| *Martin v. Smith*, 2008 WL 4151352 (W.D. Mich. Sept. 3, 2008) | (Enslen, J.) |
| *US v. Bale*, 2008 WL 4534420 (W.D. Mich. Oct. 2, 2008) | (Edgar, J.) |
| *Lee v. Caruso*, 2008 WL 2859212 (W.D. Mich. July 22, 2008) | (Miles, J.) |
| *Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) | (Maloney, J.) |
| *US v. Hart*, 2005 WL 1308199 (W.D. Mich. June 1, 2005) | (McKeague, J.) |
| *US v. Corradini*, 1994 WL 447174 (W.D. Mich. Jan. 25, 1994) | (Gibson, C.J.) |
| *Gill v. HHS*, 1985 WL 71797 (W.D. Mich. Feb. 27, 1985) | (Suhrheinrich). |

Throughout our circuit, it is common to adopt R&Rs without discussion in the absence of timely, proper objection. *See, e.g.:*

| | |
|---|---|
| *Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009) | (Lioi, J.) |
| *Schlatter v. Jeffries*, 2009 WL 73736 (N.D. Ohio Jan. 8, 2009) | (Aldrich, J.) |
| *US v. Josic*, 2008 WL 5234386 (N.D. Ohio Dec. 12, 2008) | (Boyko, J.) |
| *Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) | (Nugent, J.) |
| *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) | (Zouhary, J.) |
| *Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) | (Gadola, J.) |
| *Bradberry v. Astrue*, 2009 WL 2027111 (M.D. Tenn. July 8, 2009) | (Wiseman, J.) |

**ORDER**

Plaintiff's purported objection **[document # 78] is STRICKEN** as improper.

The Report and Recommendation **[document # 75] is ADOPTED** without objection.

Plaintiff's motion to strike **[document # 69] is GRANTED in part** and **DENIED in part:**

– As to the Melody Wallace affidavit [doc. #31], paragraph four is <u>not</u> stricken.
– As to the Melody Wallace affidavit [doc. #31], the attached memorandum is stricken.
– As to the Caruso affidavit [doc. #52], the legal conclusions expressed in paragraphs seven and eight are stricken.

Defendant's renewed motion for summary judgment **[document # 51] is GRANTED**.

The second amended complaint **[document # 44] is DISMISSED**.

This is a final order, but it is <u>not</u> appealable. *See Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) ("Roberts argues that because he raised the claim in his objections to the magistrate judge's proposed findings, which are reviewed by the district court *de novo*, we should consider the issue to have been properly raised below. We disagree. * * * Roberts' situation is tantamount to those in which a claimant raises on appeal an argument not presented to the district court.").

**IT IS SO ORDERED** on this 30th day of October 2009.

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

*Winston v. Cargill, Inc.*, 2009 WL 1748728 (W.D. Tenn. June 19, 2009) (Anderson, J.)
*Rose v. Mattrixx Init., Inc.*, 2009 WL 902311 (W.D. Tenn. Mar. 31, 2009) (McCalla, J.)
*Young v. Simpson*, 2009 WL 798787 (E.D. Ky. Mar. 24, 2009) (Coffman, J.).